UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

KYLE B. RICHARDS,

        Plaintiff,               Case No. 1:14-cv-299

v.                                  Honorable Paul L. Maloney

RICK SNYDER et al.,

        Defendants.

_____/

**OPINION DENYING LEAVE
TO PROCEED *IN FORMA PAUPERIS* - THREE STRIKES**

Plaintiff Kyle B. Richards, a prisoner incarcerated at Bellamy Creek Correctional Facility, filed a complaint pursuant to 42 U.S.C. § 1983. Plaintiff seeks leave to proceed *in forma pauperis*. Because Plaintiff has filed at least three lawsuits that were dismissed as frivolous, malicious or for failure to state a claim, he is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g). The Court will order Plaintiff to pay the $400.00 civil action filing fee applicable to those not permitted to proceed *in forma pauperis* within twenty-eight (28) days of this opinion and accompanying order. If Plaintiff fails to do so, the Court will order that his action be dismissed without prejudice. Even if the case is dismissed, Plaintiff will be responsible for payment of the $400.00 filing fee in accordance with *In re Alea*, 286 F.3d 378, 380-81 (6th Cir. 2002).

**Discussion**

The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*. As the Sixth Circuit has stated, the PLRA

was "aimed at the skyrocketing numbers of claims filed by prisoners – many of which are meritless – and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). For that reason, Congress put into place economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.* For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal. The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury." The Sixth Circuit has upheld the constitutionality of the "three-strikes" rule against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder and is *ex post facto* legislation. *Wilson v. Yaklich*, 148 F.3d 596, 604-06 (6th Cir. 1998); *accord Pointer v. Wilkinson*, 502 F.3d 369, 377 (6th Cir. 2007) (citing

*Wilson*, 148 F.3d at 604-06); *Rodriguez v. Cook*, 169 F.3d 1176, 1178-82 (9th Cir. 1999); *Rivera v. Allin*, 144 F.3d 719, 723-26 (11th Cir. 1998); *Carson v. Johnson*, 112 F.3d 818, 821-22 (5th Cir. 1997).

Plaintiff has been an active litigant in the federal courts in Michigan. In more than three of Plaintiff's lawsuits, the Court entered dismissals because the actions were frivolous, malicious, or failed to state a claim. *See, e.g., Colar et al. v. Hienz et al.*, No. 1:12-1197 (W.D. Mich. Mar. 5, 2013); *Colar et al. v. Heyns et al.*, No. 1:12-cv-1269 (W.D. Mich. Jan. 13, 2013); *Richards v. Smith et al.*, No. 1:11-cv-10929 (E.D. Mich. May 16, 2011); *Richards v. Swartz et al.*, No. 2:10-cv-13759 (E.D. Mich. Oct. 14, 2010); *Richards v. Schuster et al.*, No. 2:10-cv-10100 (E.D. Mich. July 8, 2010). In addition, Plaintiff has been denied leave to proceed *in forma pauperis* in more than one case because he has three strikes. *See Richards et al. v. Debhour et al.*, No. 1:14-cv-239 (W.D. Mich. Mar. 26, 2014); *Richards v. Arp. et al.*, No. 1:13-cv-171 (W.D. Mich. Apr. 27, 2013); *Richards v. United States*, No. 2:11-cv-12522 (E.D. Mich. June 20, 2011).[1]

Thus, the Court must analyze the complaint to determine whether the allegations therein satisfy the exception to the three-strikes rule for an inmate under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). In doing so, the Court recognizes that the imminent-danger exception is a pleading requirement subject to the ordinary principles of notice pleading, *Vandiver v. Vasbinder*, 416 F. App'x 560, 562 (6th Cir. 2011) (citing Fed. R. Civ. P. 8(a)(2)), and that Plaintiff is entitled to have his complaint liberally construed, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting that "a pro se complaint, however inartfully pleaded, must be held to less

---

[1] Plaintiff also has filed dozens of cases in the Eastern District of Michigan, several of which were dismissed because they were frivolous or failed to state a claim and others of which were dismissed after Plaintiff was denied leave to proceed *in forma pauperis* under the three-strikes rule.

stringent standards than formal pleadings drafted by lawyers" (internal quotation marks and citations omitted)).

According to the complaint, on several days in March, 2014, Plaintiff experienced seizures, "internal bleeding and swelling indicating stress related ulcers, and rapid heart beat, all a result of ongoing prison conditions." (Compl., docket #1, Page ID#7.) Plaintiff asserts that he was not given appropriate medical treatment, but he expressly declares that he is not suing for medical neglect in this action. Instead, he states that he wants redress for "'sensory deprivation'[,] lack of envir[on]mental stimulation, and desolate conditions." (*Id.* at Page ID#8.) He alleges that he, like other indigent prisoners, is unable to purchase a television, radio or other device that would prevent him from becoming sensory-deprived. Plaintiff also complains that the prison is overcrowded, requiring two prisoners in a single cell to share a toilet and a locker, rather than each having private facilities. He contends that the alleged overcrowding has led to violence among prisoners, causing Plaintiff to purposefully act out in order to be placed in segregation. In addition, Plaintiff claims that the amount of food served in the Michigan prisons is inadequate for his physical needs, causing him to experience fatigue and nausea and to lose weight. Finally, Plaintiff claims that Defendants' decision to house prisoners in single-sex prisons and its prohibition on pornography have led to "sexual deprivation" inconsistent with contemporary norms and resulting in prisoners becoming warped and sexually frustrated. (*Id.* at Page ID##18-22.)

The allegations in Plaintiff's complaint do not warrant application of the imminent danger exception in § 1915(g). The Sixth Circuit has held that to sufficiently allege imminent danger, a plaintiff must demonstrate that the threat or prison condition is "real and proximate" and the danger of serious physical injury exists at the time the complaint is filed. *Rittner v. Kinder*, 290

F. App'x796, 797 (6th Cir. 2008). "Thus, a prisoner's asserting that he or she faced danger in the past is insufficient to invoke the exception." *Id*. at 797-98; *see also Taylor v. First Med. Mgmt.*, 508 F. App'x at 492 ("Allegations of past dangers are insufficient to invoke the exception."); *Percival v. Gerth*, 443 F. App'x 944, 946 (6th Cir. 2011) ("Assertions of past danger will not satisfy the 'imminent danger' exception.").

Additionally, the Sixth Circuit has explained that allegations of imminent danger "must be sufficient to allow a court to draw reasonable inferences that the danger exists." *Vandiver*, 727 F.3d at 585. Thus, "district courts may deny a prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are conclusory or ridiculous, or are clearly baseless (i.e. are fantastic or delusional and rise to the level of irrational or wholly incredible)." *Rittner*, 290 F. App'x at 798 (internal quotation marks and citations omitted); *see also Taylor*, 508 F. App'x at 492 ("Allegations that are conclusory, ridiculous, or clearly baseless are also insufficient for purposes of the imminent-danger exception.").

Plaintiff fails to demonstrate the existence of imminent danger regarding any of his alleged issues. First, Plaintiff previously has raised claims about his stress-related injuries from sensory deprivation, two of which were filed this year, one within the last two weeks. *See, e.g., Richards et al. v. Debhour et al.*, No. 1:14-cv-239 (W.D. Mich.); *Richards et al. v. Snyder et al.*, No. 1:14-cv-84 (W.D. Mich.); *Currelley et al. v. Heyns et al.*, No. 1:12-cv-1262 (W.D. Mich.); *Colar v. Hienz et al.*, No. 1:12-cv-1197 (W.D. Mich.); *Jackson et al. v. Heyns et al.*, No. 1:12-cv-1134 (W.D. Mich.). Plaintiff was granted leave to proceed in these actions, three of which remain pending. *See Richards v. Debhour*, No. 1:14-cv-239; *Richards v. Snyder*, No. 1:14-cv-84; *Jackson v. Heyns*, No. 1:12-cv-1134. In light of the existing actions involving the same claims, Plaintiff no

longer can claim that he needs to file this action in order to avoid imminent danger. Moreover, Plaintiff has no right to proceed against the same Defendants on the same set of facts.[2]

Second, because Plaintiff is housed in segregation, he cannot demonstrate that he is in imminent danger from overcrowding in the general population cells. Third, while Plaintiff alleges that he has lost some weight, he does not allege that he is in imminent danger of physical harm from the diet.

Fourth, Plaintiff's claim that he has been sexually deprived of the opportunity to have sex with women and to view pornography, causing him serious nervous and sexual disorders, previously has been rejected by the Eastern District of Michigan. *See Richards v. Snyder et al.*, No. 2:11-12525, slip op. at 2 (E.D. Mich. July 1, 2011). In its order denying leave to proceed *in forma pauperis*, the court held that the claim "fails to demonstrate that the plaintiff is in imminent danger of serious physical injury. . . . In fact, it is so absurd as to render the response itself frivolous." *Id.* For the same reasons, this Court rejects the notion that Plaintiff is in imminent danger from sexual deprivation.

For all these reasons, the Court reasonably infers that Plaintiff was not in imminent danger when he filed his complaint.

In light of the foregoing, § 1915(g) prohibits Plaintiff from proceeding *in forma pauperis* in this action. Plaintiff has twenty-eight (28) days from the date of entry of this order to pay the entire civil action filing fee, which is $400.00. When Plaintiff pays his filing fee, the Court

---

[2] Plaintiff claims that, because he is complaining about seizures that occurred in March, rather than those that occurred in February and January, the factual basis for his claim is the same as the actions filed earlier this year. However, because Plaintiff is not challenging the medical treatment for the later seizures, his claim of imminent danger is based on the same underlying set of facts. Moreover, most of the Defendants named in the instant action were named as part of the presently pending actions. Those that were not, are not the subject of any specific conduct sufficient to state a claim.

will screen his complaint as required by 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c).  If Plaintiff fails to pay the filing fee within the 28-day period, his case will be dismissed without prejudice, but he will continue to be responsible for payment of the $400.00 filing fee.


Dated:    April 14, 2014                          /s/ Paul L. Maloney
                                                  Paul L. Maloney
                                                  Chief United States District Judge

**SEND REMITTANCES TO THE FOLLOWING ADDRESS**:
Clerk, U.S. District Court
399 Federal Building
110 Michigan Street, NW
Grand Rapids, MI 49503

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**